FILED

MAR 1 - 2006

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

In re                                            )
                                                 )   Chapter 11
PARAGON INVESTMENT LLC,                          )
                                                 )   No. 4-05-03675-ECH
                                                 )
            Debtor.                              )   **MEMORANDUM DECISION**
_____)

Pending under advisement is the parties' disagreement regarding whether creditor, Audrey Martin ("Martin"), is entitled to charge the Debtor a 10% compound interest rate on an obligation which matured prepetition ("Martin Note"). The terms of the Martin Note provided for payment of 10% interest "upon default or maturity" and further provided that interest, not paid when due, would be compounded. Because the terms of the Debtor's confirmed plan of reorganization cure the default on the Martin Note, all the consequences of default were nullified. In re Udhus, 218 B.R. 513, 515 (9th Cir. B.A.P. 1998); See also In re Entz-White Lumber and Supply, Inc., 850 F.2d 1338, 1340 (9th Cir. 1988). In this case, as in Entz-White, the Martin Note had matured prior to the filing of the bankruptcy case, but the Entz-White court specifically rejected the notion that post-maturity interest is not the consequence of a default. Id. at 1340, n.2.

Martin argues that the 1994 Amendments to Section 1123(d) of the Bankruptcy Code may have legislatively overwritten the Entz-White holding. That argument was examined and rejected in In re Phoenix Business Park Ltd., 257 B.R. 517, 521 (Bankr. D. Ariz. 2001). The

Phoenix Business Park analysis is persuasive, therefore, Entz-White remains good law in the Ninth Circuit.

Martin also argues that her note's 10% post maturity rate of interest should be allowed because it is allegedly below market rate. This argument fails because Entz-White permits interest to be set at the market rate or "at the pre-default rate provided for in the contract." Entz-White, 850 F.2d at 1343. The Debtor's confirmed plan sets the Martin Note interest rate at the pre-maturity/default simple interest rate of 9%. After curing the default, Debtor is not required to pay more than the Martin Note's non-default rate of interest. An order consistent with the holding in this Memorandum Decision will be entered this date.

Dated this 1st day of March, 2006.

EILEEN W. HOLLOWELL
UNITED STATES BANKRUPTCY JUDGE

Copy of the foregoing mailed this
1st day of March, 2006, to:

R. David Sobel, Esq.
Leonard, Felker, Altfeld, Greenberg & Battaile, P.C.
250 North Meyer Avenue
Tucson, AZ 85701-1047

Nancy J. March, Esq.
DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd. #200
Tucson, AZ 85716

Sally M. Darcy, Esq.
McEvoy, Daniels & Darcy, P.C.
4560 East Camp Lowell Drive
Tucson, AZ 85712

| | |
|---|---|
| 1 | |
| 2 | Christopher J. Pattock<br>Office of the U.S. Trustee |
| 3 | 230 North First Ave. #204<br>Phoenix, AZ 85003-1706 |
| 4 | |
| 5 | By _____<br>    Judicial Assistant |

3